HOGUE, APPELLEE, *v.* FRANKLIN EXTERMINATING SYSTEMS, INC., APPELLANT; ET AL., APPELLEE.

(No. 7260—Decided November 12, 1963.)

*Messrs. Wiles, Doucher, Tressler & Martin,* for plaintiff-appellee.

*Mr. Edward F. Lynch,* for appellant.

*Messrs. Lane, Huggard & Alton* and *Mr. Gerald S. Dennis,* for defendant-appellee.

DUFFEY, J.   This is an appeal from an order of the Common Pleas Court of Franklin County quashing service on a counterclaim against defendant-appellee, Pyrrole Chemical Corporation, and vacating an entry making Pyrrole a party defendant. Plaintiff-appellee, Alene S. Hogue, filed a petition for damages against defendant-appellant, Franklin Exterminating Systems,

Inc. The first cause of action is based on alleged representations as to chemicals used by Franklin. The second cause of action is based on alleged negligence in the use of the chemicals. Appellant filed its answer and, subsequently, moved for leave to file an amended answer and a "cross-petition" and to make Pyrrole a party defendant to the cross-petition. The court granted the motion. The cross-petition alleges that the chemicals used were those of Pyrrole, and that if there is any liability from their use, it arises from Pyrrole's failure to give adequate warning, and Pyrrole's negligence. A second cause of action in the counterclaim is based on warranty.

Pyrrole moved to quash service upon it on the ground that it was not a proper party. The court sustained the motion and vacated its order.

The procedure attempted by appellant is not a proper counterclaim under Ohio law, and Pyrrole was entitled to have the service quashed and be dismissed as a party. This case is a clear example of so-called "third-party practice." Such a procedure is permitted to a limited extent under most modern procedural systems but has never been adopted in Ohio.

The counterclaim provision is contained in Section 2309.16, Revised Code, which provides in part:

"A counterclaim is a cause of action existing in favor of one or more defendants against one or more plaintiffs or one or more defendants, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action or arising out of contract or ascertained by the decision of a court."

Since a counterclaim presupposes a pending action, it is apparent that the references to plaintiffs and defendants refer to the parties to the *original proceeding*. A counterclaim must, therefore, be a cause of action in one of the parties to the original proceeding against one of the parties to the original proceeding. Of course, if such a cause of action is asserted by way of counterclaim, and that cause of action requires the addition of a new party, the new party may be added. Sections 2309.17 and 2309.18, Revised Code. However, those statutes permit the addition of a new party to a "counterclaim" and are,

therefore, controlled by the basic counterclaim statute, Section 2309.16, Revised Code. On the other hand, our use of the word "original" is not intended to limit the operation of the statute to claims against parties originally *named*. There may be a person not named originally who must or may be joined as a party plaintiff or defendant to the original proceeding. If properly made a party, such a person falls within the counterclaim statute, and a claim may be asserted against him by any other party—subject to the other limitations relating to the same transaction, subject of action, etc., found in the statute.

In the present case, Pyrrole was not an originally named party plaintiff or defendant. It is true that it was made a party by appellant. However, Pyrrole had no opportunity to contest that order. Immediately upon being served, it objected that it was not a necessary or proper party to the original proceeding. We agree with the trial court that Pyrrole is not such a party. In fact, appellant has never claimed that Pyrrole should be a party to Hogue's action. The original motion of appellant and the court's order are specifically on the ground that Pyrrole was a necessary party to the *counterclaim*. However, since Pyrrole is not a proper party to the original proceeding, and the counterclaim does not involve a claim against any party (plaintiff or defendant) to the original proceeding, the order to quash is correct and the counterclaim must be dismissed.

Speaking for myself, I agree with appellant's contention that permitting the joinder here would facilitate litigation and eliminate unnecessary duplication and delay. A third-party practice procedure is overdue in Ohio. Unfortunately, it has not yet been enacted.

The order of the Common Pleas Court is affirmed.

*Order affirmed.*

DUFFY, P. J., and BRYANT, J., concur.